UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
EON SHEPHERD,

                    Petitioner,                    **MEMORANDUM & ORDER**
                                                   20-CV-0602 (EK) (LB)
          -against-

MARK ROYCE,

                    Respondent.
-------------------------------x
**ERIC KOMITEE**, United States District Judge:

     On January 29, 2020, Eon Shepherd ("Petitioner"), currently

incarcerated at Green Haven Correctional Facility, filed this *pro se*

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging a Kings County judgment of conviction for robbery in the

second degree, upon his guilty plea, under Indictment No. 1985/86

entered on May 22, 1987.  (Pet. for Writ of Habeas Corpus ("Pet."),

ECF Doc. 1 at 1.)[1]  Petitioner paid the filing fee to commence this

action.  The Court dismisses the petition for lack of jurisdiction.

     Section 2254 authorizes federal courts to "entertain an

application for a writ of habeas corpus in behalf of a person in

custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2254(a).  "This provision

'requir[es] that the habeas petitioner be 'in custody' under the

conviction or sentence under attack at the time his petition is

filed.'"  *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006)

---

[1]  The petition was not signed by Petitioner and the Clerk of Court issued a
notice of deficiency.  (ECF Doc. 2.)  On February 18, 2020, Petitioner filed
a signed petition.  (ECF Doc. 4.)

(quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)); *see also*

*Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016).

When a petitioner's sentence for a conviction has fully expired,

the conviction may not be challenged because the petitioner is no

longer "in custody" pursuant to that conviction. *See Lackawanna*

*County Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001); *see also*

*Maleng*, 490 U.S. at 491. Here, Petitioner challenges a one-year

sentence entered in 1987. It is clear that the one-year sentence had

fully expired when Petitioner filed this petition on January 29, 2020,

more than thirty years later.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is

dismissed for lack of jurisdiction as Petitioner seeks to challenge a

conviction that has fully expired. A certificate of appealability

shall not issue as Petitioner has not made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The

Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would

not be taken in good faith and therefore *in forma pauperis* is denied

for the purpose of any appeal. *See Coppedge v. United States*, 369

U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this

case.

SO ORDERED.


/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:     March 19, 2020
           Brooklyn, New York